## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ARPAN T. PATEL,

    **Plaintiff,**

v.                           **CASE NO:**

SAM'S EAST, INC. d/b/a SAM'S CLUB,

    **Defendants**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ARPAN T. PATEL, (hereinafter "Plaintiff" or "Mr. Patel"), by and through the undersigned counsel, hereby sues Defendant, SAM'S EAST, INC. d/b/a SAM'S CLUB (hereinafter "Defendant," "Sam's Club," or "Company") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, his former employer, seeking to recover damages for unlawful discrimination based on disability, race, and religion, and retaliation in violation of the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA"). In addition, Plaintiff seeks to redress violations by Defendant of the Family and Medical

Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), and retaliation in violation of Florida Statute § 440.205 for filing a workers' compensation claim.

2.      As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him and altered the terms, conditions, and privileges of his employment because of his disability, race, and religion, and retaliated against him in violation of his rights under the FCRA. Plaintiff further alleges that Defendant unlawfully retaliated against him for exercising his rights under the FMLA and for filing a workers' compensation claim.

3.      As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.      Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Polk County, Florida.

## PARTIES

8. Plaintiff is ARPAN T. PATEL, a 40-year-old male who has been diagnosed with a seizure disorder/epilepsy. Plaintiff had surgery for

seizures at USF in 2014 and is currently prescribed multiple medications including Oxcarbazepine (Trileptal), Lamotrigine (Lamictal XR), and Ativan to manage his condition. Plaintiff's seizure disorder substantially limits major life activities and has worsened over time, causing him to experience seizures more frequently than before.

9.    Plaintiff is an Indian national who became a naturalized United States citizen in 2000. Plaintiff practices the Hindu religion.

10.    Plaintiff is a member of a class protected against discrimination and retaliation based on his disability, race, and religion under the FCRA.

11.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.    At all times material herein, Plaintiff was an employee entitled to protection as defined by the FCRA, the FMLA, and Florida Statute § 440.205.

13.    The Defendant, SAM'S EAST, INC. d/b/a SAM'S CLUB, is a corporation with a place of business located at Sam's Club #6441, 4600 US Highway 98 N, Lakeland, FL 33809-3603.

14.    At all times material herein, Defendant regularly conducted, and

continues to conduct, business throughout Polk County, Florida, employing approximately 150 employees at the Lakeland location and approximately 900 employees within a 75-mile radius.

15.    At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to the FCRA, the FMLA, and Florida Statute § 440.205.

16.    Accordingly, Defendant is liable under the FCRA, the FMLA, and Florida Statute § 440.205 for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.    On November 7, 2024, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, disability, race, and religion discrimination and retaliation.

19.    On August 19, 2025, the EEOC issued Plaintiff a Notice of Right

to Sue in reference to his Charge of Discrimination (EEOC Charge No. 511-2025-00520) against Defendant.

20.     More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring his FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.     All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22.     Plaintiff began his employment with Defendant on June 1, 2005, initially working for Walmart in Fort Dodge, Iowa. In 2008, Plaintiff transferred to Walmart in Rock Hill, South Carolina, and in 2012, he transferred to Sam's Club in Lakeland, Florida, where he worked until his unlawful termination on September 7, 2024.

23.     Throughout his nearly 19-year career with Defendant, Plaintiff worked in various positions including wireless sales associate from 2012-2018, self-checkout associate, member specialist, and ultimately as a Club

Specialist at the time of his termination, earning $17.75 per hour.

24.    Plaintiff's job duties included managing the self-checkout area, assisting cashiers, scanning receipts at the exit door, serving as backup for supervisors, and checking receipts of members as they exited the store. Plaintiff was a top performer, being "top in the market for 3 straight months and always top 3 in the market" in wireless sales, and receiving a "Top Performer Award" in August 2024 and "Best Performance" award.

25.    Plaintiff suffers from a seizure disorder/epilepsy, for which he had surgery at USF in 2014. Plaintiff is currently prescribed multiple medications to manage his condition, including Oxcarbazepine (Trileptal 300 mg/300 mg/600 mg), Lamotrigine (Lamictal XR 200 mg twice daily), and Ativan 0.5 mg twice daily as needed. Plaintiff's seizure disorder substantially limits major life activities and has worsened over time, causing him to experience seizures more frequently than before, as well as depression and anxiety when surrounded by people or during arguments.

26.    Plaintiff's doctor recommended that he not work outside in the sun due to his seizure condition, and his medications affect his ability to work. Plaintiff's condition constitutes a disability under the ADA and FCRA.

27.    Plaintiff is an Indian national who became a naturalized United

States citizen in 2000 and practices the Hindu religion. Plaintiff is a member of protected classes based on his disability, race, and religion.

28.    Throughout his employment, Plaintiff was subjected to discriminatory treatment based on his disability, race, and religion. Store Manager Kelly Schramm was described as "the most racist" because "she never response or look every time whenever I say 'Hello, how are you' when I see her first time in a day. As soon as she passes me and see another manager or supervisor she will start smiling, talking so openly and friendly."

29.    Plaintiff states: "I believe I have never been treated in a friendly manner or responded to properly because of my race and religion." Plaintiff experienced ongoing discrimination where he was treated differently from similarly situated employees who were not members of his protected classes.

30.    On January 22, 2024, at approximately 2:30 PM, while Plaintiff was working receipt verification at the Sam's Club exit door, a white male customer (50-60 years old) became upset about wait time. After Plaintiff finished scanning the customer's receipt and said "everything was fine and to have a good day," the customer "grabbed the collar of his shirt aggressively, and asked for his name."

31.    Plaintiff "froze and did not respond to the suspect or the attack."

Store Manager Felix Gregory Diaz Furcal was present "standing in close proximity to the exit doors" but claimed "he did not observe any disturbance or argument between Arpan and customers," despite being in the immediate vicinity during the assault.

32.    Plaintiff filed a police report on January 23, 2024 (Case# 2024-00007508) regarding the customer assault. However, Sam's Club failed to conduct any investigation into the assault despite the police report being filed, and claims no record of the incident exists.

33.    Following the January 2024 incident, Plaintiff experienced increased discriminatory treatment. Plaintiff states: "After few weeks when this was over lots of racism was gained on me. At least once a week I get called in the office by either manager or a supervisor to discuss about my job performance."

34.    The writeups Plaintiff received were described as having "fake reasons" and being "definitely planned." Plaintiff states that "In the year of 2023 Sam's Club tried to fire me 5 times with fake reasons and writeup," demonstrating a pattern of pretextual disciplinary actions.

35.    On May 1, 2024, Plaintiff contacted Sedgwick Claims Management Services to apply for intermittent FMLA leave due to his

seizure disorder. On June 10, 2024, his intermittent leave was approved, allowing 2 episodes per month and one visit every three months for treatment, with the leave period running from May 1, 2024 through April 2025.

36.     On June 5, 2024, Plaintiff sustained a work-related injury to his right thumb while using work equipment and scanning receipts. Plaintiff filed a workers' compensation claim (Claim Number 24156052) and received medical treatment at Concentra Enterprise.

37.     As a result of his workers' compensation injury, Plaintiff's treating physicians imposed specific work restrictions including: no repetitive grasp with right hand; lifting/carrying/pushing/pulling limited to 5-10 pounds; unable to use power/impact/vibratory tools with right upper extremity; may grip/squeeze/pinch with right upper extremity up to 45 min/hr; and must wear splint/brace on right upper extremity.

38.     Despite these clear medical restrictions, Sam's Club failed to provide reasonable accommodations and continued to assign Plaintiff to door duty requiring thumb use for scanning, directly violating his medical limitations and exacerbating his work-related injury.

39.     Sam's Club's failure to accommodate Plaintiff's workers'

compensation restrictions constituted both disability discrimination under the ADA and FCRA and retaliation for filing a workers' compensation claim under Florida Statute § 440.205.

40.    On September 5, 2024, while Plaintiff was reviewing member receipts at the exit door, a member attempted to exit with a case of Pepsi-Cola that was not listed on his receipt. Plaintiff removed the case and set it aside, following company protocol for checking receipts.

41.    The member explained that he had scanned Mountain Dew twice, so the Pepsi price was reflected as the second Mountain Dew case. Despite this reasonable explanation, Plaintiff told the member to go to the membership desk to resolve the discrepancy, again following company procedures.

42.    The member reached around Plaintiff to grab the Pepsi case and turned toward the exit. At that point, Plaintiff was concerned about potential theft and attempted to prevent the member from leaving with unpaid merchandise.

43.    During the interaction, the member's t-shirt was torn. Surveillance video captured the incident, showing that while there was physical contact, Plaintiff was attempting to perform his job duties of

preventing potential theft, particularly given his previous experience with the January 22, 2024 assault where management failed to support him.

44.    Following the September 5, 2024 incident, the member's wife contacted Sam's Club to complain. However, Sam's Club conducted no meaningful investigation into the circumstances surrounding the incident, Plaintiff's reasonable belief that theft was occurring, his previous assault by a customer, or the context of his disability and workers' compensation restrictions.

45.    On September 7, 2024, Store Manager Kelly Schramm and Assistant Manager Detra Wells called Plaintiff into a meeting to review the surveillance video. During this meeting, Plaintiff was not given an opportunity to explain the circumstances or context surrounding the incident.

46.    Despite Plaintiff's nearly 19-year tenure with the company, his status as a top performer, his recent awards, and the lack of any progressive discipline for this type of incident, Sam's Club immediately terminated Plaintiff's employment, citing "Gross Misconduct" for "assaulting a member."

47.    Plaintiff's termination was pretextual and motivated by

discrimination based on his disability, race, and religion, as well as retaliation for his FMLA usage and workers' compensation claim. Sam's Club used the September 5, 2024 incident as a pretext to terminate Plaintiff, whom they had been attempting to discharge through discriminatory means for years.

48.    The decision to terminate Plaintiff was inconsistent with how Sam's Club treated similarly situated employees who were not members of Plaintiff's protected classes and who had engaged in comparable or more serious misconduct.

49.    As a direct and proximate result of Defendant's unlawful discrimination and retaliation, Plaintiff has suffered significant damages including loss of income, loss of benefits, emotional distress, mental anguish, and damage to his reputation and career prospects.

**COUNT I**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT**
**Disability Discrimination**
**Florida Statutes §§ 760.01-11**

50.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.   Plaintiff is a 40-year-old male who has been diagnosed with a seizure disorder/epilepsy for which he had surgery at USF in 2014 and is currently prescribed multiple medications to manage his condition.

52.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

53.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

54.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

55.   Plaintiff's seizure disorder substantially limits major life activities and constitutes a disability under the FCRA.

56.   Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by his co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in

the workplace.

57.    However, Plaintiff was subjected to discrimination because of his disability through discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents, who failed to accommodate his disability and ultimately terminated his employment.

58.    Despite Plaintiff's work-related injury and medical restrictions, Defendant failed to provide reasonable accommodations and continued to assign Plaintiff to duties that violated his medical limitations.

59.    Plaintiff believed that Defendant's discriminatory behavior materially altered the terms and conditions of his employment. Further, a reasonable person would have found that Defendant's offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

60.    Plaintiff did not welcome the offensive statements, acts, and discriminatory treatment and did not directly or indirectly invite or solicit them by his own acts or statements.

61.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, the discrimination suffered by Plaintiff, but did not take prompt remedial action to eliminate the

discriminatory behavior.

62.    Defendant violated the FCRA by subjecting Plaintiff to discrimination because of his disability and by failing to promptly correct it once it learned of it.

63.    Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

64.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived him of statutory rights under the FCRA.

65.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and

allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, ARPAN T. PATEL, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SAM'S EAST, INC. d/b/a SAM'S CLUB, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his disability;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.   Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to

and within the statutory limitations of the FCRA;

D.      Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### Disability Retaliation
### Florida Statutes §§ 760.01-11

66.      164. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

67.      Plaintiff is a 40-year-old male who has been diagnosed with a seizure disorder/epilepsy for which he had surgery at USF in 2014 and is currently prescribed multiple medications to manage his condition.

68.    At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

69.    Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes.

70.    Plaintiff engaged in protected activity under the FCRA by requesting reasonable accommodations for his disability and opposing disability discrimination.

71.    Defendant subjected Plaintiff to adverse employment actions in retaliation for his engagement in protected activity, including increased disciplinary actions, pretextual writeups, and ultimately his termination.

72.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation in violation of the FCRA.

73.    As his employer, Defendant was obligated to guard against the retaliation of Plaintiff by his co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

74.    Defendant violated the FCRA by, among other things, failing to

promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

75.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived him of statutory rights under the FCRA.

76.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, ARPAN T. PATEL, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SAM'S EAST, INC. d/b/a SAM'S CLUB, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff for engaging in protected activity under the FCRA;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation he has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

### COUNT III
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### Race Discrimination
### Florida Statutes §§ 760.01-11

77.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

78.    Plaintiff is a 40-year-old male who is an Indian national and became a naturalized United States citizen in 2000.

79.    At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

80.    Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership,

receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

81.    At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

82.    Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by his co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

83.    However, Plaintiff was subjected to race discrimination through discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents, including Store Manager Kelly Schramm, who treated Plaintiff differently because of his race and national origin.

84.    Plaintiff states: "I believe I have never been treated in a friendly manner or responded to properly because of my race and religion." Following the January 2024 incident, Plaintiff experienced increased discriminatory treatment where "After few weeks when this was over lots of racism was gained on me."

85.    Plaintiff believed that Defendant's discriminatory behavior

materially altered the terms and conditions of his employment. Further, a reasonable person would have found that Defendant's offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

86.   Plaintiff did not welcome the offensive statements, acts, and discriminatory treatment and did not directly or indirectly invite or solicit them by his own acts or statements.

87.   At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, the discrimination suffered by Plaintiff, but did not take prompt remedial action to eliminate the discriminatory behavior.

88.   Defendant violated the FCRA by subjecting Plaintiff to discrimination because of his race and national origin and by failing to promptly correct it once it learned of it.

89.   Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

90.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise

reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived him of statutory rights under the FCRA.

91.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, ARPAN T. PATEL, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SAM'S EAST, INC. d/b/a SAM'S CLUB, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his race and national origin;

B.    Award sufficient remedial relief to make Plaintiff whole for the

individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem

equitable, just, and proper.

## COUNT IV
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### Race Retaliation
### Florida Statutes §§ 760.01-11

92.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

93.    Plaintiff is a 40-year-old male who is an Indian national and became a naturalized United States citizen in 2000.

94.    At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

95.    Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes.

96.    Plaintiff engaged in protected activity under the FCRA by opposing race discrimination and filing complaints about discriminatory treatment based on his race and national origin.

97.    Defendant subjected Plaintiff to adverse employment actions in retaliation for his opposition to race discrimination, including increased disciplinary actions, pretextual writeups, and ultimately his termination.

98.    Following Plaintiff's complaints about discriminatory treatment, he was subjected to increased scrutiny and disciplinary actions described as having "fake reasons" and being "definitely planned," with Plaintiff stating that "In the year of 2023 Sam's Club tried to fire me 5 times with fake reasons and writeup."

99.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation in violation of the FCRA.

100.    As his employer, Defendant was obligated to guard against the retaliation of Plaintiff by his co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

101.    Defendant violated the FCRA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

102.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative

and remedial action to prevent the retaliation of Plaintiff, deprived him of statutory rights under the FCRA.

103.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, ARPAN T. PATEL, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SAM'S EAST, INC. d/b/a SAM'S CLUB, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff for opposing race discrimination;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation to

which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation he has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT V
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### Religion Discrimination
### Florida Statutes §§ 760.01-11

104.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

105.   Plaintiff is a 40-year-old male who practices the Hindu religion.

106.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

107.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

108.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

109.   Defendant, as Plaintiff's employer, was obligated to guard

against the discrimination of Plaintiff by his co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

110.  However, Plaintiff was subjected to religion discrimination through discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents based on his Hindu faith.

111.  Plaintiff states: "I believe I have never been treated in a friendly manner or responded to properly because of my race and religion." Defendant's employees, supervisors, and managers treated Plaintiff differently from similarly situated employees who did not practice the Hindu religion.

112. Following the January 2024 incident, Plaintiff experienced increased discriminatory treatment based on his religion, including being subjected to frequent disciplinary meetings and pretextual writeups.

113.  Plaintiff believed that Defendant's discriminatory behavior materially altered the terms and conditions of his employment. Further, a reasonable person would have found that Defendant's offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

114.  Plaintiff did not welcome the offensive statements, acts, and discriminatory treatment and did not directly or indirectly invite or solicit them by his own acts or statements.

115.  At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, the discrimination suffered by Plaintiff, but did not take prompt remedial action to eliminate the discriminatory behavior.

116.  Defendant violated the FCRA by subjecting Plaintiff to discrimination because of his religion and by failing to promptly correct it once it learned of it.

117.  Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

118.  The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived him of statutory rights under the FCRA.

119.  As a direct, proximate, and foreseeable result of Defendant's

aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, ARPAN T. PATEL, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SAM'S EAST, INC. d/b/a SAM'S CLUB, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his religion;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate

nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C. Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D. Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E. Award Plaintiff pre- and post-judgment interest;

F. Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G. Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VI
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### Religion Retaliation
### Florida Statutes §§ 760.01-11

120.  Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

121.  Plaintiff is a 40-year-old male who practices the Hindu religion.

122.  At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

123.  Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes.

124.  Plaintiff engaged in protected activity under the FCRA by opposing religion discrimination and filing complaints about discriminatory treatment based on his Hindu faith.

125.  Defendant subjected Plaintiff to adverse employment actions in retaliation for his opposition to religion discrimination, including increased disciplinary actions, pretextual writeups, and ultimately his termination.

126.  Following Plaintiff's complaints about discriminatory treatment based on his religion, he was subjected to increased scrutiny and disciplinary

actions described as having "fake reasons" and being "definitely planned."

127.  The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation in violation of the FCRA.

128.  As his employer, Defendant was obligated to guard against the retaliation of Plaintiff by his co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

129.  Defendant violated the FCRA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

130.  The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived him of statutory rights under the FCRA.

131.  As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to

suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, ARPAN T. PATEL, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SAM'S EAST, INC. d/b/a SAM'S CLUB, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff for opposing religion discrimination;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the

retaliation he has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VII
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### FMLA Retaliation
### 29 U.S.C. § 2601 et seq.

132.  Plaintiff alleges, realleges, and incorporates by reference all

allegations set forth in each of the preceding Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

133.   The prohibitions against interference with the exercise of rights, discrimination, and interference with proceedings or inquiries described in the FMLA, 29 U.S.C. § 2615, apply to employers with respect to eligible employees taking, or attempting to take, leave under the FMLA.

134.   Under the FMLA, it is unlawful for an employer to take action against an employee because the employee exercises his FMLA rights. The FMLA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual" for asserting his rights under the FMLA. 29 U.S.C. § 2615(a)(2).

135.   As more particularly alleged hereinabove, at all times material herein, Plaintiff was and is an "eligible employee" and Defendant was and is an "employer" within the meaning of the FMLA.

136.   As more particularly alleged hereinabove, Plaintiff qualified for leave under the FMLA due to his seizure disorder.

137. On May 1, 2024, Plaintiff contacted Sedgwick Claims Management Services to apply for intermittent FMLA leave due to his seizure disorder. On June 10, 2024, his intermittent leave was approved,

allowing 2 episodes per month and one visit every three months for treatment, with the leave period running from May 1, 2024 through April 2025.

138.    The Defendant knew or should have known that Plaintiff was exercising his rights under the FMLA and was aware of Plaintiff's right to protected leaves of absence under the FMLA.

139.    The Defendant violated the FMLA and retaliated against Plaintiff by, among other things, subjecting him to increased disciplinary actions and ultimately terminating his employment after he began using his approved FMLA intermittent leave.

140.    Plaintiff's termination was motivated, at least in part, by his exercise of his FMLA rights and his use of approved intermittent leave for his serious health condition.

141.    The Defendant's actions constitute violations of the FMLA.

142.    As a direct and proximate result of Defendant's retaliatory and unlawful conduct, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation lost by reason of Defendant's unlawful conduct in violation of the FMLA and, as such, is entitled to legal relief.

143.   In addition, Plaintiff is entitled to appropriate equitable relief including employment, reinstatement, and/or promotion. 29 U.S.C. § 2617(a)(1)(B).

144.   Further, Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

**WHEREFORE**, the Plaintiff, ARPAN T. PATEL, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SAM'S EAST, INC. d/b/a SAM'S CLUB, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant violated the FMLA and engaged in unlawful conduct and employment practices prohibited by the FMLA in that Defendant discriminated against and/or retaliated against Plaintiff for requesting to take leave under the FMLA and exercising his rights under the FMLA;

B.   Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment practices

in violation of the FMLA, and to otherwise make him whole for any losses suffered because of such unlawful employment practices in violation of the FMLA;

C.    Award Plaintiff liquidated damages as recoverable under the FMLA and as consistent with law;

D.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E.    Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VIII
### VIOLATION OF FLORIDA STATUTE § 440.205
### Workers' Compensation Retaliation

145.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

146.    Florida Statute § 440.205 provides that no employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim

compensation under the Workers' Compensation Law.

147.  On June 5, 2024, Plaintiff sustained a work-related injury to his right thumb while using work equipment and scanning receipts in the course and scope of his employment with Defendant.

148.  Plaintiff filed a valid workers' compensation claim (Claim Number 24156052) with Defendant's workers' compensation carrier, Sedgwick, and received medical treatment at Concentra Enterprise.

149.  As a result of his workers' compensation injury, Plaintiff's treating physicians imposed specific work restrictions including: no repetitive grasp with right hand; lifting/carrying/pushing/pulling limited to 5-10 pounds; unable to use power/impact/vibratory tools with right upper extremity; may grip/squeeze/pinch with right upper extremity up to 45 min/hr; and must wear splint/brace on right upper extremity.

150.  Despite these clear medical restrictions from his workers' compensation treatment, Defendant failed to accommodate Plaintiff's restrictions and continued to assign him to door duty requiring thumb use for scanning, directly violating his medical limitations and exacerbating his work-related injury.

151.  Defendant's failure to accommodate Plaintiff's workers'

compensation restrictions and its subsequent termination of his employment constituted retaliation against Plaintiff for filing a valid workers' compensation claim.

152.   Defendant violated Florida Statute § 440.205 by subjecting Plaintiff to adverse employment actions, including his ultimate termination, because of his valid workers' compensation claim and his request for accommodations related to his work-related injury.

153.   Plaintiff's termination was motivated, at least in part, by his filing of a workers' compensation claim and his request for accommodations related to his work-related injury.

154.   As a direct and proximate result of Defendant's retaliatory conduct in violation of Florida Statute § 440.205, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits, and other compensation, as well as noneconomic damages including pain and suffering, mental anguish, emotional distress, humiliation, and loss of dignity.

**WHEREFORE**, the Plaintiff, ARPAN T. PATEL, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SAM'S EAST, INC. d/b/a SAM'S CLUB, and in favor of Plaintiff, and

respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant violated Florida Statute § 440.205 by retaliating against Plaintiff for filing a valid workers' compensation claim;

B.   Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment practices in violation of Florida Statute § 440.205, and to otherwise make him whole for any losses suffered because of such unlawful employment practices;

C.   Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's retaliatory conduct pursuant to Florida Statute § 440.205;

D.   Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E.   Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Date this 16th day of January 2026.

*/s/ Jason W. Imler, Esq*

Jason W. Imler

Florida Bar No. 1004422

Alberto "Tito" Gonzalez

Florida Bar No. 1037033

**Imler Law**

23110 State Road 54, Unit 407

Lutz, Florida 33549

(P): 813-553-7709

Jason@ImlerLaw.com

Tito@ImlerLaw.com

Tiffany@ImlerLaw.com
